IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31587-CMB |
| DESPINA SMALIS, | Chapter 7 |
| Debtor. | |
| E. SMALIS PAINTING CO., INC., | |
| Plaintiff, | Adversary No. 14-2075-CMB |
| v. | Related to Doc. Nos. 63 and 64 |
| DESPINA SMALIS, | |
| Defendant. | |

## MEMORANDUM OPINION

The above-captioned adversary proceeding was commenced on April 7, 2014, by the filing of the *Complaint of E. Smalis Painting Co., Inc. for an Order Determining its Debt is not Discharged and an Order Allowing its Claim as a Timely Filed Late Proof of Claim* ("Complaint").[1] Despina Smalis ("Debtor") filed an Answer and, subsequently, a supplement thereto. At a status conference held on February 9, 2015, the parties agreed that all other matters within this proceeding should be held in abeyance pending a resolution of a motion to be filed by Debtor challenging the timeliness of the claim of E. Smalis Painting Co., Inc. ("Painting Company"). Said motion was filed as *Defendant's Motion to Declare the Untimeliness of the*

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(B) and (I), and the Court will enter final judgment. Furthermore, the parties have identified this matter as a core matter upon which the bankruptcy court may enter final judgment. *See Early Conference Certification and Stipulation*, Doc. No. 10, at 2. Therefore, this Court finds that the parties knowingly and voluntarily consented to adjudication by this Court. *See Wellness International Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015).

1

*Opposed Claim of E. Smalis Painting Co., Inc.* ("Motion"), and Painting Company filed a response thereto. On April 14, 2015, this Court issued an Order ("Briefing Order") identifying several issues which required briefing. Within the Briefing Order, the Court advised as follows:

> **. . . [T]his Court is contemplating dismissal of the Complaint**. Because dismissal of the Complaint would be for the reasons set forth herein as opposed to dismissal upon the Motion, this Court finds that additional briefing is necessary to provide a full opportunity for Plaintiff to address these matters before a decision is rendered.

*See* Doc. No. 64 (emphasis in original). The Briefing Order further provided that, although the parties previously agreed that the issue of timeliness may be resolved without argument, a hearing would be held on June 9, 2015, on the Motion and issues briefed if the Court did not rule prior to that time.

Pursuant to said Order, a hearing was held on June 9, 2015. At that time, the Court confirmed that the timeliness of the Complaint was to be resolved by application of the standard for summary judgment. The Court sought clarification from the parties as no statement to that effect was contained within the Motion and the Court's Briefing Order referenced dismissal. Further, the Court identified the materials that would be considered in rendering a decision and inquired as to whether the parties wished to provide anything further. No other materials were provided to the Court for consideration.

Upon review of the dockets of the bankruptcy case and related adversary proceedings, the Complaint, Answer, Motion and response thereto, the briefs, the *Statement of Stipulated/Undisputed Facts Relied Upon by the Debtor in Support of her Motion to Declare the Untimeliness of the Opposed Claim of E. Smalis Painting Co., Inc.* ("Statement of Facts"), the arguments of counsel, and for the reasons set forth herein, this Court finds that the relief sought in the Complaint must be denied.

Procedural History and Background[2]

Much has occurred over the approximately nine-year period since the bankruptcy case was filed and the instant proceeding was initiated. Over this time, the counsel involved, the appointed trustee, and the Judge assigned to the case have changed. The background of the case is particularly relevant to understanding the development of the issues presented in the instant adversary proceeding.

Debtor's bankruptcy case was commenced on September 2, 2005, by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Debtor's counsel, at that time, was Steven T. Shreve, Esq. Upon filing, the case was assigned to the Honorable Bernard Markovitz. Debtor completed her bankruptcy schedules on September 27, 2005. Therein, Ernest Smalis ("Mr. Smalis"), Debtor's former spouse, was not identified as a creditor nor was Painting Company, of which Mr. Smalis is the sole shareholder and president. *See* Doc. No. 62, at ¶c.

On October 6, 2005, the Court issued the *Notice of Need to File Proof of Claim Due to Recovery of Assets*. Therein, creditors were advised to file a proof of claim on or before January 6, 2006, if they wished to share in any distribution of funds.

At the commencement of the case, Stanley G. Makoroff, Esq., was appointed as the Chapter 7 Trustee. Early in the case, he commenced two adversary proceedings to sell real estate co-owned by the Debtor, Mr. Smalis, and their children, and sales were ultimately approved in both proceedings. The first proceeding was commenced on October 31, 2005. *See* Adversary Proceeding 05-3195.

Shortly thereafter, on November 8, 2005, a letter written to the Court by Mr. Smalis was entered on the docket of the bankruptcy case as a notice of his appearance in the case. Therein,

---

[2] The background set forth herein is based upon matters of record and the undisputed facts contained in the Statement of Facts (Doc. No. 62).

3

Mr. Smalis identified himself as the former spouse of the Debtor and further indicated his intent to commence an adversary proceeding. He provided contact information to the Court as follows: Ernest Smalis FH5830, P.O. Box 1000, Houtzdale, PA 16698-1000 (hereinafter "Houtzdale Address"). Since that time, Mr. Smalis has participated extensively in the bankruptcy case and related proceedings, including by participating telephonically in at least one hearing while he was incarcerated and by commencing several adversary proceedings.

On November 29, 2005, an adversary proceeding was commenced by Mr. Smalis, pro se, against a number of parties. *See* Adversary Proceeding 05-3325. Thereafter, on January 19, 2006, Robert O. Lampl, Esq. ("Attorney Lampl") filed a *Notice of Appearance* on behalf of Mr. Smalis in that adversary proceeding and a *Request for Notices and Service of Papers* on the docket of the bankruptcy case. The adversary proceeding was resolved and closed following the entry of a Consent Order of Court dated May 19, 2006.

Debtor was granted a discharge by Order entered on March 6, 2006. Notice of Debtor's discharge was provided to Mr. Smalis at the Houtzdale Address. *See* Case No. 05-31587, Doc. No. 61. On September 25, 2006, the Trustee filed *Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation* ("Final Report") and a proposed order for distribution. *See* Case No. 05-31587, Doc. Nos. 92 and 94. The *Notice of Filing of Final Account of Trustee Scheduling Hearing on Applications for Compensation, and Proposed Final Distribution Combined with Order Fixing Deadline for Filing Objections Thereto* is docketed showing service to Mr. Smalis at the Houtzdale Address. *See* Case No. 05-

31587, Doc. No. 101.[3] No timely objections were filed and an Order was entered on November 2, 2006, ("Distribution Order") approving the Trustee's Final Report and proposed distribution. Pursuant to said Order, and as noted in the Statement of Facts, "Ernest Smalis received a distribution from the Chapter 7 Estate in the amount of $249,821.06 in or about November of 2006". *See* Doc. No. 62, at ¶i.

Also on November 2, 2006, following entry of the Distribution Order, a document was filed on the bankruptcy case docket with the following text-entry description:

> Letter *regarding proof of claim for equitable division of martial* [sic] *property under 23 PA C.S.A. 3502 received by Stanley G. Makoroff Trustee from Ernest Smalis* Filed by Creditor Ernest Smalis (Makoroff, Stanley) (Entered: 11/02/2006).

As indicated by the description, the filing contained both a letter from Mr. Smalis and a proof of claim completed by Mr. Smalis on his own behalf.[4] Therein, Mr. Smalis asserted the following as the basis for an alleged *secured* claim: (1) goods sold, (2) money loaned, (3) equitable division of marital property pursuant to 23 Pa.C.S.A. §3502. The letter indicated that the documentation to verify his claim was in the possession of the United States Department of Justice and Internal Revenue Service. Subsequently, on November 3, 2006, a *nearly identical* proof of claim

---

[3] The Court notes that the Houtzdale Address is that provided to the Court by Mr. Smalis in his original letter to the Court requesting notices in the case. Within Painting Company's brief, however, it is asserted that, as of this time, Mr. Smalis had been transferred to a different state correctional facility. *See* Doc. No. 74, at 2. While the Court makes no finding as to the time of Mr. Smalis' transfer, the Court notes that Painting Company does not contend that Mr. Smalis updated the previous address provided to the Court until approximately one month later. Thus, Mr. Smalis' alleged failure to receive notices in the interim appears to be the result of his own failure to promptly advise of his transfer.

[4] The Court notes that, in his proof of claim, Mr. Smalis identified a different address than that which was previously provided to the Court.

5

submitted by Mr. Smalis was entered on the Claims Register.[5] No further action was taken with respect to the claim asserted by Mr. Smalis long after the bar date, after the Trustee's Final Report, and after the Order approving the same. Notably, and as conceded by Painting Company, *the Claims Register contains no claim by Painting Company*; rather, Painting Company now asserts that the proof of claim filed by Mr. Smalis sets forth its claim. *See* Doc. No. 62, at ¶¶g and h.

Significantly, no appeal, belated objection, or request for reconsideration was filed with respect to the Distribution Order. A final decree was signed on March 28, 2007, and the bankruptcy case was closed. The bankruptcy case remained closed until 2008, when the Debtor, through Attorney Lampl[6] as her counsel, sought to reopen the case as a result of a civil action filed against the Debtor by the Commonwealth of Pennsylvania, Department of Environmental Protection (the "Department"). Although Debtor withdrew her motion, the case was ultimately reopened upon the latter motion of the Department by Order entered October 30, 2008.

On January 3, 2012, the case was reassigned to the Undersigned. The case was inactive from its reopening until April 2, 2012, when Mr. Smalis filed a pro se *Complaint to Determine Dischargeability* ("Dischargeability Complaint") commencing Adversary Proceeding 12-2140.

---

[5] Significantly, in both documents (which are dated the same) Mr. Smalis identified his claim as a *secured* claim, and he did not check the box indicating that he possessed an *unsecured nonpriority* claim. However, in the proof of claim on the Claims Register, Mr. Smalis checked the box identifying his claim as an *unsecured priority* claim as well. Notably, he did not choose any of the options provided to specify the alleged priority of his claim nor did he identify a statutory basis for the selection.

In addition, the Court notes that both proofs of claim inexplicably provide for a claim incurred from 2001 to *2006*, rendering the claim, in part, post-petition. No distribution of estate funds would be made with respect to the post-petition claim.

[6] The Court notes that on January 30, 2015, an *Expedited Motion to Disqualify Counsel* ("Disqualification Motion") was filed seeking to disqualify Attorney Lampl from representing Debtor. Said motion appeared to have been filed on behalf of Mr. Smalis and/or the Painting Company. At the status conference held on February 9, 2015, the parties agreed to hold the Disqualification Motion in abeyance pending the outcome of a decision on the issue of timeliness currently pending before the Court. As set forth on the record, the parties agreed that disqualification was not an issue for this Court's determination of timeliness.

Shortly thereafter, Jeffrey Sikirica, Esq., was appointed as trustee in the reopened bankruptcy case.

The Dischargeability Complaint, filed approximately two years prior to the commencement of the instant proceeding, includes the alleged claims of Painting Company. *See* Doc. No. 62, at ¶k. Therein, Mr. Smalis alleged, *inter alia*, that "Defendant began to liquidate the Business of E. Smalis Painting Co[.], In[c] . . . ." *See* Dischargeability Complaint, Adversary Proceeding 12-2140, Doc. No. 1, at ¶8. Mr. Smalis asserted that Debtor sold corporate property worth millions of dollars and that he was entitled to proceeds of the sales of the equipment, vehicles, and real estate purportedly sold by the Debtor. *See id.* at ¶¶ 9 and 12. Ultimately, the proceeding was resolved by stipulation based upon a settlement of the underlying dispute, and the proceeding was dismissed with prejudice and closed on November 19, 2012.

While matters were proceeding in the reopened bankruptcy case, Mr. Smalis commenced another adversary proceeding by filing a complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO Complaint") against the Debtor and others. *See* Adversary Proceeding 13-2362. In this proceeding, as well, Mr. Smalis raised the alleged claims of Painting Company. *See* Doc. No. 62, at ¶m. Following the filing of several motions to dismiss by defendants in that proceeding, the RICO Complaint was dismissed with prejudice and the Court found as follows:

> With respect to the Debtor, who is a named Defendant, Plaintiff previously filed a complaint challenging the dischargeability of debt and objecting to Debtor's discharge (Adv. No. 12-2140). Upon stipulation of the parties to that proceeding, based upon a settlement agreement, the adversary proceeding was dismissed with prejudice. Now, despite the foregoing, Plaintiff restates in this proceeding his alleged bases for nondischargeability of debt and objection to discharge and further seeks to recharacterize his claims against Debtor as RICO claims. However, based upon the record of the case and related proceedings and the settlement agreement entered into by the parties, Plaintiff cannot pursue his alleged RICO claims against Debtor who received a discharge and with whom he

7

    settled his prior adversary proceeding objecting to her discharge. The stipulation was approved by Order of this Court, which was not appealed and of which reconsideration was not sought.

*See* Order dated January 17, 2014, Adversary Proceeding 13-2362, Doc. No. 71. The Order dated January 17, 2014, was not appealed.

    On April 7, 2014, the above-captioned adversary proceeding was commenced by Painting Company alleging as follows: Painting Company is a creditor of Debtor; Debtor failed to schedule Painting Company's claim or list Painting Company on the mailing matrix; and Painting Company did not receive notice of the case, claims bar date, or notice of the deadline to object to discharge as a result of the foregoing. Painting Company asserts that its claim arises out of the conversion of its property while Mr. Smalis, its sole shareholder, was incarcerated. Further, Painting Company contends that it did file a late proof of claim, citing to the proof of claim filed *by Mr. Smalis* on November 3, 2006. In support, Painting Company asserts that Mr. Smalis' proof of claim encompasses its claim as it references goods sold. The Complaint seeks the allowance of Painting Company's late claim as timely filed and the amendment of Mr. Smalis' proof of claim to reflect that the claim is held by Painting Company. In addition, the Complaint sets forth three alleged bases upon which a finding of nondischargeability would be warranted: 11 U.S.C. §523(a)(3), (4), and (6). Notwithstanding the references to nondischargeablity under §523, the Complaint consists of one count, and that is the request to allow a late filed proof of claim. In support of Count I, Painting Company relies upon Fed.R.Bankr.P. 3003(c), 9006(b), and the standard for finding excusable neglect set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).

Debtor filed an Answer to the Complaint asserting, *inter alia*, that the claim is without merit, untimely, and barred by a settlement and release entered into by Debtor and Mr. Smalis resulting in the dismissal of Adversary Proceeding 12-2140. Although this Court issued a Trial Order and Notice setting pretrial deadlines and scheduling trial in this adversary proceeding, at a status conference held on February 9, 2015, the parties agreed that all other matters should be held in abeyance pending a resolution of a motion to be filed by Debtor challenging the timeliness of the claim of Painting Company. The parties agreed that Debtor's challenge as to timeliness should be decided first as it had the potential to be dispositive. Said Motion was filed, and Painting Company filed its response thereto. Briefs were also filed pursuant to this Court's Briefing Order. The Motion and the issues raised in the Briefing Order are now ripe for decision.

Analysis

The Court shall enter judgment in favor of Debtor and against Painting Company, pursuant to Fed.R.Bankr.P. 7056 incorporating Fed.R.Civ.P. 56, if there is no genuine dispute as to any material fact and Debtor is entitled to judgment as a matter of law.[7] The Court considers the facts of record in the bankruptcy case and related adversary proceedings, the exhibits provided with the parties' briefs, and the Statement of Facts in rendering its decision.

At the outset, it is necessary to discuss the request(s) for relief set forth in the Complaint. The Complaint contains, in its first *and only* count, a request to allow late filed proof of claim. Within the Complaint, reference is also made to 11 U.S.C. §523(a)(3), (4), and (6), asserting that the claim would not have been dischargeable. These references to §523 provide little more than a brief recitation of the statutory language. With respect to the request to allow the late filed proof of claim, Painting Company cites to Fed.R.Bankr.P. 3003(c)(3), 9006(b), and the Supreme

---

[7] Pursuant to Fed.R.Civ.P. 56(f), judgment may be entered independent of the motion filed. The Court raised issues in the Briefing Order notifying the parties that a decision may be rendered for the reasons cited therein.

9

Court's decision in *Pioneer* in support of its assertion that the Court may permit the filing of a claim after the expiration of the bar date where the failure to act is due to excusable neglect. *See* Complaint, ¶15. Much of the Complaint is dedicated to an analysis and application of the excusable neglect standard. Likewise, Debtor's Motion also focuses on the application of the excusable neglect standard.

As set forth within the Briefing Order, Fed.R.Bankr.P. 3003 governs the following: "Filing Proof of Claim or Equity Security Interest in Chapter 9 Municipality or Chapter 11 Reorganization Cases." The Rule does not apply to Chapter 7 cases, which are governed by Fed.R.Bankr.P. 3002. Furthermore, pursuant to the analysis by the Supreme Court in *Pioneer*, "The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases *but not in Chapter 7 cases*." 507 U.S. at 389 (emphasis added). Thus, this Court observed that dismissal of the Complaint may be appropriate as the Complaint appears to rely upon inapplicable rules. Further, the Court questioned what relief was available to Painting Company at this point in time. In order to provide the parties with a full opportunity to address these concerns, this Court issued the Briefing Order, directing the parties to brief the following issues:

    a. Whether the standard of excusable neglect applies in this Chapter 7 bankruptcy case;
    b. Whether the failure to file a claim in time to permit distribution even for a tardily filed claim under §726(a)(2)(C) or (3) and/or failure to appeal the November 2, 2006 Order approving distribution prohibits any distribution in this bankruptcy case; and
    c. Whether the only potential relief available to Plaintiff at this time is a complaint alleging nondischargeability of debt pursuant to 11 U.S.C. §523(a)(3).

*See* Order at Doc. No. 64 (footnote omitted).

Painting Company's Brief, however, provides little assistance to the Court in answering the questions raised. Although Painting Company concedes that Fed.R.Bankr.P. 3003 does not

apply in a Chapter 7 case, Painting Company fails to address the apparent inapplicability of the excusable neglect analysis to a late claim filed in a *Chapter 7* bankruptcy case. Significantly, Painting Company failed to address the distinction between Fed.R.Bankr.P. 9006(b)(1) and (3). When enlargement of time to act under the Bankruptcy Rules is sought, reference must be made to Fed.R.Bankr.P. 9006(b). Generally, enlargement of time is governed by Fed.R.Bankr.P. 9006(b)(1):

> (b) Enlargement
>> (1) In general
>> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect*.

*See* Fed.R.Bankr.P. 9006(b)(1)(emphasis added). However, pursuant to Fed.R.Bankr.P. 9006(b)(3), "[t]he court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the conditions stated . . ." therein. The time for filing a claim in a Chapter 7 case is governed by Fed.R.Bankr.P. 3002(c), and thus enlargement of time for filing a claim in a Chapter 7 case is governed by Fed.R.Bankr.P. 9006(b)(3) as opposed to Fed.R.Bankr.P. 9006(b)(1). Only the latter permits the consideration of excusable neglect. Painting Company failed to establish the applicability of excusable neglect in this Chapter 7 case. Furthermore, Painting Company failed to allege, and the facts of record do not support, enlargement of time under the conditions set within Fed.R.Bankr.P. 3002(c).

In addition to the foregoing, the Court notes the curious position taken by Painting Company that the proof of claim filed by Mr. Smalis, in which he identifies *only himself* as the

creditor, is the claim of Painting Company.[8] However, within his proof of claim, Mr. Smalis asserted equitable division of marital property by a spouse as a basis for his claim indicating that the claim was his personal claim as opposed to a claim of any entity, such as Painting Company. Regardless of whether Mr. Smalis' proof of claim encompassed the claim now asserted by Painting Company, that proof of claim was filed beyond the applicable deadline without any established basis for enlargement of time under the Rules.

Furthermore, the Court notes that it is unclear how Painting Company intended to proceed had the request to allow the proof of claim *as Painting Company's* claim been granted. A number of questions remain unanswered. Although 11 U.S.C. §726(a)(2)(C) and (3) provide for distribution to tardily filed *unsecured* claims, notably, Painting Company requests the allowance of the proof of claim filed by Mr. Smalis as its own. Mr. Smalis identified said claim as *secured* by checking the box indicating that the claim is secured by collateral. Further, Mr. Smalis provided a description of the collateral as real estate and equipment*,* significantly,

---

[8] In the Complaint, Painting Company asserts as follows:

> E. Smalis Painting Co., Inc. has, however, filed a late proof of claim at Claim No. 34-1on November 3, 2006, substantiating E. Smalis Painting Co., Inc.'s claim against the Debtor. E. Smalis Painting Co., Inc. now seeks to have that proof of claim be deemed timely filed. Attached as Exhibit "C" is a copy of the Proof of claim. The Proof of claim was originally filed in the name of Ernest Smalis but it encompasses the claims of E. Smalis Painting Co., Inc.; the claim references goods sold.

*See* Complaint, at ¶10 (emphasis omitted). In conclusion, the Complaint asserts that "the Request of E. Smalis Painting Co., Inc. must be granted and allow the late claim and allow claim number 34 to be amended to reflect that the claim is held by E. Smalis Painting Co., Inc."
   In a seemingly contradictory assertion, Painting Company contends that there is a "fundamental issue" regarding "whether a pro se individual creditor who receives notice that his claim is being affected by a bankruptcy is also on notice to file a claim on behalf of the corporation that also has a claim against the same Debtor." *See* Painting Company's Brief, Doc. No. 74, at 3. Notwithstanding this statement, Painting Company asserts that Mr. Smalis' proof of claim is that of the Painting Company. Thus, according to Painting Company, Mr. Smalis, as a pro se individual, thought to assert the claim of Painting Company at the same time as his own.

without indication that any part of the claim was an *unsecured nonpriority claim*.[9] Although Mr. Smalis also identified the claim (in the version of the proof of claim filed on the Claims Register) as an *unsecured priority* claim by checking a box on the applicable form, he failed to identify the statutory authority for asserting a priority. Mr. Smalis did not identify a claim entitled to priority; he simply wrote "goods sold." There is no indication of entitlement to priority, and this Court finds none. Accordingly, Mr. Smalis' proof of claim identified only an alleged secured claim. Thus, despite Painting Company's contention, it is not clear how Painting Company would have been entitled to any distribution under §726 nor was there a sale of collateral upon which Painting Company asserted a lien such that it would have received a distribution. Further, no action was taken to challenge the Distribution Order prior to the Trustee's commencement of distribution pursuant thereto. Mr. Smalis' proof of claim was filed after the Distribution Order, which was entered approximately nine years ago. Reconsideration of the Distribution Order was not sought nor was an appeal filed, and Painting Company provided no basis upon which the Distribution Order could be vacated.[10]

The remaining matter to be addressed is the timeliness of Painting Company's challenge to dischargeability of debt. Although the Complaint references 11 U.S.C. §523(a)(3), (4), and

---

[9] The form provides a space to fill in the amount of any *unsecured nonpriority* claim and describes such a claim as arising in three circumstances: "a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority."

[10] Had this Court determined that Painting Company was entitled to share in distribution, it is not clear how Painting Company ultimately intended to do so, i.e. by seeking disgorgement of payments to innocent unsecured creditors or limiting itself to the amount of Debtor's surplus. However, assuming *arguendo* that Painting Company was entitled to a distribution pursuant to §726, allowing it to share in that distribution would be impractical at this time and presumes said funds are readily available **approximately nine years after distribution occurred**. This does not mean that such a creditor is without a remedy. Where a creditor was denied the opportunity to file a proof of claim and share in distribution, 11 U.S.C. §523(a)(3) provides potential relief to creditors who did not know about the case in time to file a claim. *See Judd v. Wolfe*, 78 F.3d 110, 114-15 (3d Cir. 1996).

(6), both §523(a)(4) and (6) are within the purview of §523(c). The time to challenge discargeability under §523(c) is governed by Fed.R.Bankr.P. 4007(c). Pursuant thereto, the deadline to file such an objection to dischargeability in this case was January 3, 2006, which passed long ago. Section 523(a)(3)(B), however, provides as an exception to discharge the following category of debts:

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request*[.]

*See* 11 U.S.C. §523(a)(3)(B)(emphasis added). Accordingly, relief under §523(a)(4) and (6) is foreclosed to Painting Company unless it can establish the requisite elements set forth in §523(a)(3).

Neither Mr. Smalis nor Painting Company was identified in Debtor's schedules. Further, the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* and the *Notice of Need to File Proof of Claim Due to Recovery of Assets* were both issued prior to Mr. Smalis' entry of appearance on November 8, 2005. Significantly, however, pursuant to §523(a)(3)(B), "actual knowledge of the case" in time to file an objection to dischargeability will nonetheless preclude a creditor from belatedly challenging dischargeability under this provision. Accordingly, where a claim was unlisted but the creditor had actual knowledge of the bankruptcy case in sufficient time to protect its rights, §523(a)(3)(B) offers no relief. *See Citizens Bank of Pennsylvania v. Behpour* (*In re Behpour*), No. 03-1112, 2004 WL 1291506, at *3, 2004 Bankr. LEXIS 786, at *12 (Bankr.E.D.Pa. May 13, 2004). *See also In re Chodnicki*, No. 02-59210(RTL), 2008 WL 216318, 2008 Bankr. LEXIS 250 (Bankr.D.N.J. Jan. 24, 2008).

14

In the instant proceeding, it is the actual knowledge of Painting Company that is determinative. Significantly, knowledge of an agent may be imputed to the principal pursuant to agency principles. *See Computer Support, Inc. v. Booker Transportation Services, Inc.*, No. 1:CV-08-608, 2009 WL 2957744, at *5-6, 2009 U.S. Dist. LEXIS 81790, at *19-21 (M.D.Pa. Sept. 9, 2009). This Court holds that actual knowledge under §523(a)(3) can be imputed knowledge as a corporate entity can only be charged with the knowledge of its agents. In this case, unlike *Computer Support, Inc.*, where issues of fact existed as to the scope of authority conferred upon certain customer service representatives and other employees, the actual knowledge at issue in this case is that of Painting Company's sole shareholder and president. This Court concludes that the knowledge of Mr. Smalis was the knowledge of Painting Company. The record clearly demonstrates Mr. Smalis' scope of authority as he has on several occasions attempted to act on behalf of Painting Company in proceedings before this Court.[11] Further, it is entirely inconsistent to assert that Mr. Smalis' relationship with Painting Company would not invoke the application of agency principles as it is Painting Company's position that Mr. Smalis' proof of claim encompasses Painting Company's claim as well. Nor does this Court accept Painting Company's characterization of Mr. Smalis as an unsophisticated pro se creditor. The record of the bankruptcy case and related proceedings clearly establish to the contrary. This Court finds no factual dispute with respect to the imputation of Mr. Smalis' knowledge to Painting Company; nor has Painting Company suggested that the knowledge of or notice to any other individual would have provided notice to Painting Company. This Court finds that Mr. Smalis' actual knowledge is imputed to Painting Company. Accordingly, this Court must address

---

[11] For example, Mr. Smalis filed a motion in this adversary proceeding, in which he is not a party, on behalf of Painting Company as its president. *See* Motion, at Doc. No. 22.

whether the undisputed facts demonstrate that Mr. Smalis possessed "actual knowledge" of the bankruptcy case as set forth in §523(a)(3)(B).

While the Bankruptcy Code does not define what constitutes "actual knowledge" under the statute, it has been defined by courts as positive knowledge of a fact and more than a casual, offhand reference, such that a creditor is apprised that a bankruptcy case was commenced and where said case is pending. *See Coley v. Thomas* (*In re Thomas*), No. 1-13-ap-00118-MDF, 2013 WL 3353884, at *3-4, 2013 Bankr.LEXIS 2700, at *11 (Bankr.M.D.Pa. July 3, 2013). In *Thomas*, the creditor, at most, was made aware that the debtor retained bankruptcy counsel and not that debtor commenced a bankruptcy case. Thus, the court found that the creditor had alleged sufficient facts to state a claim under §523(a)(3). In contrast, it is clear on the record of this case that Mr. Smalis knew of the bankruptcy case and where said case was pending approximately sixty days prior to the expiration of the applicable deadlines and *nearly one year* prior to filing a proof of claim.[12]

In this case, the deadline to challenge dischargeability under §523(c) was January 3, 2006, and the deadline to file a proof of claim was January 6, 2006. Mr. Smalis entered his appearance in the bankruptcy case by letter dated November 5, 2005, and docketed on November 8, 2005. Mr. Smalis was made aware of the bankruptcy case very early on in the proceedings as he was a co-owner of certain real estate and therefore a named defendant in the *Complaint to Sell Real Estate Free and Clear of All Mortgages, Judgments, Liens and Encumbrances* filed by

---

[12] Furthermore, on the proof of claim form, Mr. Smalis did *not* check the box next to the following instruction: "Check box if you have never received any notices from the bankruptcy court in this case."

16

Case 14-02075-CMB    Doc 77    Filed 06/12/15    Entered 06/12/15 11:52:18    Desc Main
                       Document      Page 17 of 19

Trustee Makoroff commencing Adversary Proceeding 05-3195.[13] On November 3, 2005, the summons and complaint were served by mail on Mr. Smalis at the Houtzdale Address, matching the address subsequently provided to the Court by Mr. Smalis days later. The complaint advised that the Debtor's petition was filed on September 2, 2005. Therefore, Ernest Smalis was made aware of the bankruptcy case and the date of its commencement. Further, on November 29, 2005, Mr. Smalis filed an answer in the adversary proceeding. Even prior to filing an answer, almost immediately after service of the complaint, Mr. Smalis entered his pro se appearance in the bankruptcy case on November 8, 2005. Further, and as an indication that he is not an unsophisticated party unaware of how to participate in the case, he referenced within his notice of appearance the Debtor's "Petition" and his intention to file an "adversary complaint" related to the bankruptcy case. While these are just examples of Mr. Smalis' participation in the bankruptcy case, this Court has previously documented Mr. Smalis' continuous involvement with the proceedings in this Court.[14]

By November 8, 2005, it cannot be contested, and this Court concludes, that Mr. Smalis had actual knowledge of the case with sufficient time to act to protect the rights of Painting Company. Despite Mr. Smalis' almost immediate involvement in the case and his apparent

---

[13]    The Court notes that in this Chapter 7 case, where Debtor and Mr. Smalis co-owned real estate, it does not appear that the Debtor intentionally concealed her bankruptcy filing from Mr. Smalis as he would undoubtedly become aware of the case in any co-owner sale. As the record of this case demonstrates, such a sale was commenced very early in the case. Further, this Court notes that there has never been a determination that Mr. Smalis and/or Painting Company possess a valid claim against Debtor nor has it been established, despite assertions to the contrary, that Debtor intentionally and wrongfully omitted Mr. Smalis and/or Painting Company from her list of creditors. It is just as plausible that Debtor did not include them because there was no reason to do so. Notably, the proofs of claim filed by Mr. Smalis were submitted without sufficient facts to support the claim(s) alleged and appear to lack prima facie validity.

[14]    In a Memorandum Order dated March 3, 2014, this Court found that "Mr. Smalis, though incarcerated during much of the pendency of the bankruptcy case, participated actively in the case and commenced adversary proceedings in relation thereto." See Adversary Proceeding 13-2362, Doc. No. 89. This Court's March 3, 2014 Order was affirmed by the District Court on appeal. See Adversary Proceeding 13-2362, Doc. No. 147.

assumption that his rights could be affected by these proceedings, he was not vigilant about asserting the rights of Painting Company, allegedly set forth in his proof of claim, which Painting Company now attempts to litigate nearly a decade after the case was commenced. Under the circumstances presented, this Court finds that Mr. Smalis, and through him Painting Company, received notice reasonably calculated to apprise them of the pendency of the bankruptcy case and afford them an opportunity to appear and be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Painting Company cannot merely rely upon the fact that it was not listed to succeed under §523(a)(3). For these reasons, this Court finds that Mr. Smalis, and thus Painting Company, had actual knowledge of the bankruptcy case in time to file a complaint objecting to dischargeability. "Actual knowledge" of the bankruptcy case prevents Painting Company from challenging dischargeability pursuant to §523(a)(3)(B), and therefore pursuant to §523(a)(4) and (6) as well.

<u>Conclusion</u>

Therefore, upon consideration of the dockets of the bankruptcy case and related adversary proceedings, the Complaint, Answer, Motion and response thereto, the briefs and exhibits attached thereto, the Statement of Facts, and the arguments of counsel, this Court finds that the relief requested in the Complaint must be denied. There is no genuine dispute as to any material fact regarding the untimeliness of Painting Company's request to allow a claim and to object to the dischargeability of debt. The Motion, to the extent it seeks a determination that the relief requested in the Complaint is untimely, is granted for the reasons set forth herein. An Order will be entered consistent with this Memorandum Opinion.

Date: June 12, 2015                                  /s/ Carlota M. Böhm
                                                     Carlota M. Böhm
                                                     United States Bankruptcy Judge

FILED
6/12/15 11:27 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**MAIL TO:**

Office of the United States Trustee

Donald R. Calaiaro, Esq.

John P. Lacher, Esq., and Robert O. Lampl, Esq.

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217